UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 10-144-DLB**

**BENJAMIN HICKS**                                                              **PLAINTIFF**

vs.               **MEMORANDUM OPINION AND ORDER**

**JOE AND BARBARA CHAMBERLAIN, ET AL.,**              **DEFENDANTS**

\*     \*     \*     \*     \*     \*     \*

This matter is before the Court on Defendant Medicare's Motion to Dismiss for lack of subject matter jurisdiction (Doc. # 15). The motion having been fully briefed, it is now ripe for review (Docs. # 15, 16). For the reasons set forth below, Defendant's motion is **granted**, and this action **remanded** to Grant County Circuit Court.

**I.**     **Background**

Plaintiff was bitten by a dog on April 11, 2010, and brought suit in Grant County Circuit Court on June 14, 2010, seeking recovery of his medical expenses from the Chamberlains (Doc. # 1-1 ¶¶ 6-22). Plaintiff also sued Medicare[1] contending that because Medicare may have paid some of Plaintiff's medical bills, it may be entitled to reimbursement, and "should be required to assert its interests or otherwise be forever barred from doing so." (Doc. # 1-1, ¶¶ 30-34). Medicare timely removed the case to

---

[1] Plaintiff sued "Medicare." As Defendant notes in its Motion to Dismiss, the appropriate defendant is Kathleen Sebelius, the Secretary of the U.S. Department of Health and Human Services. *See* 42 C.F.R. § 405.1136(d). The federal regulation permits a plaintiff who names the agency, instead of the Secretary, to later name the Secretary. *Id.* The Court need not address this in dismissing Defendant Medicare, aside from noting that this Memorandum refers to Defendant as "Secretary."

1

federal court. (Doc. # 1). Removal was uncontested by Plaintiff and proper under 28 U.S.C. § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 406 (1969); *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp., et al.*, 484 F.3d 380, 388-91 (6th Cir. 2007); *Kessnick v. Club Car Acceptance Corp.*, No. 2:07-cv-123-DLB, 2007 WL 3120692 (E.D. Ky., Oct. 23, 2007). Defendant Medicare has now moved to dismiss for lack of subject matter jurisdiction. (Doc # 15).

## II. Analysis

### A. Lack of Subject Matter Jurisdiction

Plaintiff alleges that Medicare "should pay, did pay, or may have paid some of Plaintiff['s]" medical bills. (Doc. # 1-1, ¶ 32). Plaintiff sued the Secretary because Medicare "is or may be subrogated to a portion of Plaintiff Benjamin Hicks['s] claim against Defendants Joe and Barbara Chamberlain and John/Jane Doe, and should be required to asserts its interests or otherwise be forever barred from doing so." (Doc. # 1-1, ¶ 33). Though not specified, Plaintiff presumably refers to the Secretary's right to be reimbursed for conditional payments. 42 U.S.C. § 1395y(b)(2)(A)-(B); 42 C.F.R. § 411.24(e)-(h).

Conditional payments are those made by Medicare for which another payer is responsible. 42 C.F.R. § 411.21. In this case, the other payer would be a primary payer, defined as "any entity that is or was required or responsible to make payment with respect to an item or service (or any portion thereof) under a primary plan." *Id.* A primary plan, in turn, is "a group health plan or large group health plan, a workers' compensation law or plan, an automobile or liability insurance policy, or plan (including a self-insured plan), or no-fault insurance." *Id.* Proof that it is a "primary plan's responsibility for such payment

2

may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii).

If the Secretary determines that Medicare made a conditional payment (i.e., a payment on behalf of Plaintiff for which another payer is responsible), she will issue Plaintiff an initial determination identifying the amount to be reimbursed to Medicare. 42 U.S.C. § 1395ff(a). If Plaintiff disagrees with the Secretary's initial determination, he may initiate an administrative appeals process. 42 U.S.C. § 1395ff(b). Only after that appeals process is exhausted and the Secretary has issued a "final decision" may Plaintiff file a claim in federal court.

In her Motion to Dismiss, the Secretary explains that the administrative procedure required by Medicare's Secondary Payer (MSP) statute has not been initiated in this case. (Doc. # 15 at 7). She argues that this is fatal to Plaintiff's request for judicial review:

> He (Plaintiff) has not received a judgement, award, or settlement. Therefore, plaintiff's claims are not ripe as there has been no primary payment and consequently no demand by the Secretary for reimbursement under the MSP statute. Similarly, because it has not yet been demonstrated that an entity has responsibility for primary payment, the Secretary has not made an initial determination regarding whether plaintiff has to reimburse the Medicare trust fund. Therefore, plaintiff can not have presented his claims to the Secretary for administrative review. . . .
>
> Even if plaintiff had received an initial decision and presented his claims to the Secretary, plaintiff's claims are barred by 42 U.S.C. § 405(h) because plaintiff has not received a final decision from the Secretary.

Plaintiff is prohibited from having findings of fact or decisions of the Secretary reviewed "by any person, tribunal, or governmental agency except as herein provided." 42

3

U.S.C. § 405(h).[2] This bar to federal jurisdiction has an exception, 42 U.S.C. § 405(g), which provides for judicial review "after any final decision of the [Secretary] made after a hearing." *See Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 11 (2000) (observing that "[s]ection 405(h) purports to make exclusive the judicial review method set forth in § 405(g)"); *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (applying § 405(g) to Medicare and determining that it is "the sole avenue for judicial review for all 'claims arising under' the Medicare Act") (quoting 42 U.S.C. § 405(h)). In sum, "[t]he Medicare statute requires that any lawsuit which seeks 'to recover on any claim arising under' it must first be brought through the Department of Health and Human Services' administrative appeals process before it can be taken to federal court." *Cochran v. U.S. Health Care Financing Admin.*, 291 F.3d 775, 778-79 (11th Cir. 2002) (citing 42 U.S.C. § 405(h)).

In this case, Plaintiff has neither received an initial determination from the Secretary nor completed any of the subsequent steps necessary to receive a final decision. In fact, Plaintiff does not even allege that the Secretary has demanded, or will demand, reimbursement for any payments made on his behalf. Plaintiff nonetheless maintains that he is entitled to a bill from Medicare. (Doc. # 16). This contention misses the essence of the Secretary's argument and the Medicare Act's administrative scheme. Whether the Secretary will seek reimbursement, and if so, how much, can only be reviewed by a federal court after Medicare's administrative procedure has been exhausted. Citing no authority, Plaintiff effectively argues that he is exempt from the Medicare Act's "channeling mechanism." *Truett v. Bowman*, 288 F.Supp.2d 909, 911 (W.D. Tenn. 2003). Plaintiff is

---

[2] Under 42 U.S.C. § 1395ii, the limitation in 42 U.S.C. § 405(h) is applicable to Medicare.

mistaken.  Consequently, pursuant to 42 U.S.C. § 405(h), the Court lacks subject matter jurisdiction over Defendant Secretary.

This conclusion is in accord with several other district court decisions which have addressed this issue.  For example, Judge Van Tatenhove dismissed Medicare as a defendant because the plaintiffs had not received an initial determination from Medicare and, therefore, had not appealed that decision through Medicare's administrative procedure.  *Madden v. Wagers, et al.,* No. 6:08-cv-318-GFVT (E.D. Ky., Jan. 12, 2009).  In a personal injury case with a procedural posture similar to this one, a judge in the Northern District of Ohio dismissed Medicare as a defendant because, as here, the court lacked jurisdiction until the plaintiffs exhausted all administrative remedies, which could only begin after the plaintiffs obtained a settlement or judgment against the defendant tortfeasor in the underlying court action.  *Gobrecht v. McGee*, 249 F.R.D. 262, 263 (N.D. Ohio 2007).  Other district courts within the Sixth Circuit have reached the same decision when faced with nearly the same issue.  *See Walters v. Leavitt*, 376 F.Supp.2d 746, 755-56 (E.D. Mich. 2005) (deciding it did not have jurisdiction because plaintiffs had not exhausted their remedies under § 405(g) where, like here, "Plaintiffs [were] seeking a determination of the amount of reimbursement that Defendant will seek under its subrogation rights created by the Medicare Act's MSP provisions"); *Truett*, 288 F.Supp.2d at 911-12 (limiting defendants to the administrative procedure codified in § 405 though defendants sought advance knowledge of what Medicare might do in the future, and determining that defendants had not established that the Secretary had issued a final decision); *Estate of Barbeaux v. Lewis*, 196 F.Supp.2d 519, 521-22 (W.D. Mich. 2002) (observing that a "final decision of the Secretary may be reviewed 'only after a claimant has pressed his claim though all the

designated levels of administrative review'" and concluding that the court did not have jurisdiction because the plaintiff had not done so) (quoting *Manakee Prof'l Med. Transfer Serv. v. Shalala*, 71 F.3d 574, 577 (6th Cir. 1995)).

Plaintiff offers no authority to support his request to maintain the Secretary as a defendant in this action. That Medicare may, in the future, seek reimbursement of conditional payments made on Plaintiff's behalf does not bestow on Plaintiff a right to circumvent § 405(h)'s jurisdictional bar.

**B.      Sovereign Immunity**

Alternatively, the doctrine of sovereign immunity also compels dismissal of the Secretary. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). The "terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). Further, any such "waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

In this case, Plaintiff bears the burden of establishing that the Secretary has waived sovereign immunity. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (citing *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)). Far from establishing that the Secretary waived sovereign immunity, Plaintiff neither alleged it in his Complaint nor argued it in his Response to Defendant's Motion to Dismiss. (Docs. # 1-1; 15; 16). At least four

6

district courts within the Sixth Circuit—including this one—have found a party's failure to demonstrate that Medicare waived its sovereign immunity warranted Medicare's dismissal from cases similar to this one. *See Madden v. Wagers, et al.,* No. 6:08-cv-318-GFVT (E.D. Ky., Jan. 12, 2009); *Truett*, 288 F.Supp.2d at 911; *Gobrecht*, 249 F.R.D. at 263; *Kessnick v. Club Car Acceptance Corp.,* No. 2:07-cv-123-DLB (E.D. Ky., Oct. 23, 2007). The Court agrees with those decisions and alternatively dismisses Defendant Medicare from this lawsuit on the basis of sovereign immunity.

**III.     Conclusion**

The Court's dismissal of the Secretary leaves it without subject matter jurisdiction because the case does not include a federal question and the parties are not diverse. 28 U.S.C. §§ 1331, 1332. Accordingly, **IT IS ORDERED** as follows:

1. Defendant Medicare's Motion to Dismiss (Doc. # 15) is **GRANTED**;

2. This action is **REMANDED in its entirety** to the Grant County Circuit Court from which it was removed; and

3. This case is **STRICKEN** from the Court's active docket.

This 21st day of October, 2010.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Cov10\10-144- MOO Dismissing Medicare.wpd

7